**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-20031
Summary Calendar
_____

SEGUN DEBOWALE,

Plaintiff-Appellant,

VERSUS

US INCORPORATION, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA H 93 2524)
_____

July 3, 1995

Before DUHÉ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[1]

Appellant, Segun Debowale, proceeding pro se and in forma pauperis, sued the United States, the Federal Bureau of Investigation (FBI), and Michael Millard, a federal agent, ("the Appellees"), alleging that certain personal and business properties and been taken without due process of law and seeking damages. The district court dismissed on summary judgment. We dismiss the appeal.

---

[1]  Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Law enforcement agents began investigating Debowale in April 1992 in connection with suspected credit-card fraud. Shortly before his arrest for wire fraud Debowale shipped a container to Nigeria. On or about the day of his arrest, Agent Millard contacted an inspector with U.S. Customs Service, who confirmed that the container contained two Mercedes Benz automobiles and printing equipment. Agent Millard suspected that these items had been used in, or were the proceeds of, the crimes committed by Debowale and caused the container to be returned to Houston by authority of 22 U.S.C. § 401 and 18 U.S.C. § 1343. After the container arrived in Houston, agents searched it pursuant to a warrant and seized the two automobiles and the printing equipment.

Appellees moved to dismiss or, alternatively, for summary judgment and submitted evidence that Debowale's personal property had been returned to his attorney and that his business property had been seized pursuant to a valid warrant. Four months later, the Appellees supplemented their pending motion with additional evidence. Five days later, the Magistrate Judge recommended that the Appellees' motion be granted. Debowale thereafter submitted a response to the motion and an objection to the Magistrate Judge's memorandum. Approximately one month after Debowale filed his response and objection, the district court accepted the Magistrate Judge's recommendation and granted summary judgment in favor of the Appellees. Debowale timely appealed.[2]

---

[2] Debowale attempted to appeal the Magistrate Judge's recommendation. R. 89. This Court dismissed the appeal. Id. at 91.

Debowale first argues that the district court did not give him an adequate opportunity to respond before the court granted summary judgment. Debowale's argument is without merit. The district court did not grant summary judgment until nearly six months after the Appellees filed their motion and nearly two months after the Appellees supplemented the motion and the Magistrate Judge issued her recommendation. Although the Magistrate Judge did not have the benefit of Debowale's response to the motion, her memorandum addressed his argument whether Agent Millard was authorized to order the seizure of the container outside the territorial waters of the United States. Debowale had more than ten days to respond before the district court granted summary judgment. Fed. R. Civ. P. 56(c); Martin v. Harrison County Jail, 975 F.2d 192, 193 (5th Cir. 1992).

Debowale alleged that his business property had been taken without due process of law.[3] In his response to the Appellees' motion for summary judgment, Debowale clarified his argument to allege a Bivens action against Agent Millard. He contended that Agent Millard violated his Fourth Amendment rights when Agent Millard directed the seizure of his container without a warrant. The district court should have construed Debowale's Bivens claim, raised for the first time in his response to the summary judgment

---

[3] Debowale does not challenge the district court's dismissal of his claims arising from the seizure of his personal property or the dismissal of the United States and the FBI on sovereign-immunity grounds. Issues that are not raised and argued in his initial brief are abandoned. Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir.), cert. denied, 115 S.Ct. 189 (1994).

motion, as a motion to amend the complaint under Fed. R. Civ. P. 15(a) and granted it.  <u>Sherman v. Hallbauer</u>, 455 F.2d 1236, 1242 (5th Cir. 1972); <u>Cash v. Jefferson Assocs., Inc.</u>, 978 F.2d 217, 218 (5th Cir. 1992).  The error is harmless, however, as Debowale's Fourth Amendment claim is without merit.  <u>See</u> Fed. R. Civ.  P. 61.

Under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the victim of a constitutional violation by a federal agent may recover damages against the federal agent in federal court.  <u>Enplanar, Inc. v. Marsh</u>, 11 F.3d 1284, 1295 (5th Cir.), <u>cert. denied</u>, 115 S.Ct. 312 (1994).  "The Fourth Amendment protects individuals from unreasonable searches and seizures that intrude on reasonable expectations of privacy." <u>United States v. Villarreal</u>, 963 F.2d 770, 773 (5th Cir. 1992). Although individuals have a legitimate expectation of privacy in items placed by them in closed, opaque containers, <u>id.</u>, Debowale has no expectation of privacy in goods delivered to a shipper for loading and overseas shipment and identified on the vessel manifest.  <u>Cf.</u> <u>United States v. Williams</u>, 617 F.2d 1063, 1086 (5th Cir. 1980) (no legitimate expectation of privacy with regard to objects in plain view).  Because there is no constitutional violation, we do not consider Debowale's argument that Agent Millard is not entitled to qualified immunity.

Debowale finally argues that the district court erred in denying his motion to amend his complaint.  Before a response by the Defendants, Debowale sought to amend his complaint to add two

additional defendants and a breach-of-contract claim for their alleged failure to deliver his container to its final destination.[4]

A party may amend his pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). A motion to dismiss or for summary judgment does not extinguish a plaintiff's right to amend a complaint pursuant to Fed. R. Civ. P. 15(a). Zaidi v. Ehrlich, 732 F.2d 1218, 1219 (5th Cir. 1984).

Debowale filed an amended complaint, which he could do without leave of court under Rule 15(a). Although the Magistrate Judge's order denying leave to amend is in error, Debowale did not appeal the decision to the district court. Consequently, this Court is without jurisdiction to consider it. Colburn v. Bunge Towing, 883 F.2d 372, 379 (5th Cir. 1989). Even assuming that the amended complaint was filed as of right, the record demonstrates that the claim is factually without foundation. The shipper and its employee acted at the direction of law enforcement agents.

APPEAL DISMISSED.

---

[4] It is not entirely clear whether Debowale is referring to the amended complaint that he filed or simply to some theorized amended complaint. If the latter, Debowale his not proffered such a complaint, and thus there is nothing for this Court to review.